IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

WILLIE MUNN                                                                                             PLAINTIFF

      v.                          Civil No. 4:08-cv-04075

LOUISE PHILLIPS, Jail
Administrator, Hempstead County
Detention Facility; MRS. JENKINS,
Assistant Jail Administrator, Hempstead
County Detention Facility; SHERIFF
JERRY CRANE, Hempstead County,
Arkansas                                                                                                DEFENDANTS

## MEMORANDUM OPINION

Plaintiff, Willie Munn, filed this action pursuant to 42 U.S.C. § 1983 on August 26, 2008. He proceeds *pro se* and *in forma pauperis*. The case is before me pursuant to the consent of the parties (Doc. 16).

Currently before me for decision is a motion to dismiss filed by the Defendants (Doc. 30). Plaintiff filed a response to the motion to dismiss (Doc. 32).

## BACKGROUND

Plaintiff, an inmate in the Arkansas Department of Correction (ADC), was at the time pertinent to the complaint incarcerated at the Grimes Unit located in Newport, Arkansas. According to the allegations of the complaint, on or about July 7, 2008, Plaintiff sent an envelope marked "legal mail" containing some "legal papers" to Cofey Spincer or Spinler at the Hempstead County Detention Facility. Plaintiff asserts the mail was searched and returned to him with a notation "mail not allowed" in violation of his federal constitutional rights.

-1-

Plaintiff also asserts Defendants' actions violated the rights of Cofey Spincer or Spinler and various other detainees. However, when the case was filed, Plaintiff was advised that it was being filed only on his behalf (Doc. 3). The clerk was directed to provide Cofey Spincer or Spinler and the other named detainees sets of § 1983 forms.

## DISCUSSION

Defendants have now filed a motion to dismiss this action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. They maintain that Plaintiff has no standing to bring this lawsuit. Defendants maintain Plaintiff suffered no injury as a result of Mr. Spincer not receiving his mail.

In considering a motion to dismiss for failure to state a claim, I must construe the complaint liberally in favor of the Plaintiff and accept the allegations of the complaint as true. *See Hudson v. Norris*, 227 F.3d 1047, 1054 (8th Cir. 2000). Plaintiff proceeds *pro se*. The court should not dismiss a *pro se* complaint "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Holloway v. Lockhart*, 792 F.2d 760, 761-62 (8th Cir. 1986)(citations omitted). Nevertheless, in treating the factual allegations of the complaint as true pursuant to Rule 12(b)(6), the court "do[es] not ... blindly accept the legal conclusions drawn by the pleader from the facts." *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990)(citations omitted).

"Article III of the United States Constitution confines the federal courts to adjudicating actual 'cases and controversies.'" *Boyle v. Anderson*, 68 F.3d 1093, 1100 (8th Cir. 1995)(citation omitted). "Article III standing is a threshold question in every federal court case." *United States v. One Lincoln Navigator*, 328 F.3d 1011, 1013(8th Cir. 2003). "To have standing, a party must have 'a personal stake in the outcome of the controversy.'" *In re MBA Poultry, LLC,* 295 F.3d 886, 888 (8th

Cir. 2002)(*quoting, Warth v. Seldin,* 422 U.S. 490, 498-99, 95 S. Ct. 2197, 45 L. Ed. 2d 343 (1975)).

"To satisfy this requirement, the plaintiff must have 'a definite and concrete controversy involving adverse legal interests at every stage in the litigation . . . for which the court can grant specific and conclusive relief.'" *Potthoff v. Morin*, 245 F.3d 710, 715 (8th Cir. 2001).

In *Potthoff*, the Eighth Circuit went on to discuss the various dimensions of standing. It stated:

> In its constitutional dimension, standing imports justiciability: whether the plaintiff has made out a "case or controversy" between himself and the defendant within the meaning of Art. III. This is the threshold question in every federal case, determining the power of the court to entertain the suit. As an aspect of justiciability, the standing question is whether the plaintiff has alleged such a personal stake in the outcome of the controversy as to warrant his invocation of federal-court jurisdiction and to justify exercise of the court's remedial powers on his behalf. The Art. III judicial power exists only to redress or otherwise to protect against injury to the complaining party, even though the court's judgment may benefit others collaterally. A federal court's jurisdiction therefore can be invoked only when the plaintiff himself has suffered some threatened or actual injury resulting from the putatively illegal action. *Warth v. Seldin,* 422 U.S. 490, 498-99, 95 S. Ct. 2197, 45 L. Ed. 2d 343 (1975) (citations and internal quotation marks omitted).
>
> Additionally, under the prudential limits of the standing doctrine, "even when the plaintiff has alleged injury sufficient to meet the 'case or controversy' requirement, [the Supreme Court] has held that the plaintiff generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." *Id.* at 499, 95 S. Ct. 2197.

*Potthoff*, 245 F.3d at 715.

Keeping these principles in mind, I turn to the examination of the rights at issue in this case. It is clear that "[i]nmates have a First Amendment right of free speech to send and receive mail." *Hudson v. Palmer*, 468 U.S. 517, 547, 104 S. Ct. 3194, 82 L. Ed. 2d 393 (1984). While "[t]he fact of confinement and the needs of the penal institution impose limitations on constitutional rights,

including those derived from the First Amendment," *Jones v. North Carolina Prisoners' Union*, 433 U.S. 119, 125, 97 S. Ct. 2532, 53 L. Ed. 2d 629 (1977), restrictions on this First Amendment right are valid "only if [they are (1)] reasonably related to legitimate penological interests," such as security, order, or rehabilitation and are (2) no greater than necessary to the protection of the governmental interest involved. *Turner v. Safely*, 482 U.S. 78, 89, 107 S. Ct. 2254, 96 L. Ed. 2d 64 (1987).

In addition, it has generally been held that the author of a letter may bring a First Amendment challenge when the letter he sends is not delivered to an inmate at a detention facility. *See e.g., Rowe v. Shake*, 196 F.3d 778 (7th Cir. 1999)(correspondent with prisoner had standing to assert violation of First Amendment rights); *Trudeau v. Wyrick*, 713 F.2d 1360, 1366 (8th Cir. 1983)(citizen who authored a letter to detainee had right, grounded in the First Amendment, to have the letter delivered to the inmate free of unjustified interference by state officials). *See also Martin v. Kelley*, 803 F.2d 236 (6th Cir. 1986)(due process requires notice of rejection be given to the author of the letter); *Abdul Wali v. Coughlin*, 754 F.2d 1015, 1027-28 (2d Cir. 1985)(the author would have standing to challenge interference with prisoner's mail). I therefore find Plaintiff has standing to pursue this action.

## CONCLUSION

For the reasons stated, the Defendants' motion to dismiss (Doc. 30) will be denied by a separate order entered this same day.

DATED this 9th day of March 2009.

/s/ Barry A. Bryant  
BARRY A. BRYANT  
UNITED STATES MAGISTRATE JUDGE